# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM M. BAILEY, #197976 | * | |
| Petitioner, | * | Civil Action No. PJM-17-3062 |
| v. | * | |
| JOHN WOLFE, | * | |
| Respondent | * | |

## MEMORANDUM OPINION

William M. Bailey is incarcerated at Jessup Correctional Institution in Jessup Maryland. On October 19, 2017, he filed a Petition for Writ of Habeas Corpus, challenging the validity of his judgment of conviction in the Circuit Court for Prince George's County as void for lack of jurisdiction. Petition, ECF No. 1. Bailey asserts that he was not properly served with a copy of the indictment and thus reasons that the Circuit Court lacked jurisdiction to convict and sentence him. *Id.* at 4. He claims his conviction was obtained in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Maryland law. Petition, ECF 1 at 3-4. As relief, Bailey seeks his release from incarceration. *Id.* The Petition is unaccompanied by the $5.00 filing fee or a Motion to Proceed in Forma Pauperis. Requiring Bailey to correct this deficiency, however, would serve merely to delay resolution of this case. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), "[i]f it plainly appears from the [face of a § 2241] petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." (alterations added). For reasons to follow, the Court will dismiss the Petition without prejudice.

Bailey was convicted in the Circuit Court for Prince George's County of first degree rape and other sexual offenses. On April 5, 1989, the Circuit Court sentenced him to life imprisonment. Petition, ECF 1 at 2; ECF 1-3. On December 29, 1994, Bailey filed a Petition for Writ of Habeas Corpus that was denied by the Honorable William M. Nickerson on February 28, 1996. *Bailey v. Smith,* Civil Action No. WMN-94-3620 (D. Md.). On September 10, 1996, the United States Court of Appeals for the Fourth Circuit affirmed the decision. *Bailey v. Corcoran, et al,* 96 F.3d 1438 (4th Cir. 1996) (unpublished).

Federal habeas challenges filed by an inmate in custody pursuant to a state conviction are properly filed pursuant to 28 U.S.C. § 2254, which authorizes federal district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (holding that regardless of how styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254).[1] Accordingly, the Court will dismiss the Petition without prejudice on the grounds that the claims asserted are not cognizable under 28 U.S.C. §2241.

Here, Bailey is attacking his underlying conviction, and his claims must be raised in a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254. When a prisoner held "pursuant to the judgment of a State court" files a habeas petition attacking his conviction as violation of the Constitution, laws, or treaties of the United States, § 2254, "all associated statutory requirements" apply, regardless of the statutory label the prisoner chooses to give his petition. *In re Wright,* 826 F.3d at 783. Consequently, if Bailey intends to file a § 2254 Petition,

---

[1] In *In re Wright*, the United States Court of Appeals for the Fourth Circuit also adopted the majority view of its sister circuits to hold that the federal habeas petitions of state prisoners challenging the execution of a sentence should be reviewed under 28 U.S.C.§ 2241. 826 F.3d at 778 (collecting cases).

2

the Petition is subject to associated gatekeeping provisions. For second or successively filed §2254 petitions, "[b]efore a second or successive [§2254] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A) (alteration added).

Bailey is cautioned that if he intends to refile his claims in a second or successive petition, he must first obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit. The Clerk will send him a copy of the instructions and form packet for filing a motion under 28 U.S.C. §2244 (authorization of District Court to consider second or successive application for relief). This information must be filed in the United States Court of Appeals for the Fourth Circuit.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the Petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. The Court finds that Bailey has not met this standard, and declines to issue a Certificate of Appealability.

## CONCLUSION

For these reasons, the court will dismiss the Petition without prejudice and decline to issue a Certificate of Appealability. A separate Order which follows this Memorandum Opinion.

                                                                   _____/s/_____
                                                                   PETER J. MESSITTE
November 27, 2017                                    UNITED STATES DISTRICT JUDGE